UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY RASMUSSEN,
et al.,

       Plaintiffs,                        Civil Action Nos.
                                                    06-CV-13883-DT
vs.                                                   06-CV-13884-DT

FLEETWOOD ENTERPRISES, INC.,        HON. BERNARD A. FRIEDMAN
et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING
MOTION TO REMAND FILED BY NON-PARTY MIKE RIEHL'S (DKT. NO. 13)
and
GRANTING SANCTIONS AGAINST NON-PARTY MIKE RIEHL'S**

**I.    INTRODUCTION**

This matter is presently before the Court on a Motion to Remand filed by Mike Riehl's Roseville RV Center ("Mike Riehl's"), which is a non-party to the companion cases now before the Court. The motion involves the issue of consolidation and its effect on diversity-of-citizenship jurisdiction.

The Court has reviewed the motion and relevant documents in this case. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide the motion without oral argument. The Court will deny the Non-Party's Motion to Remand and grant sanctions against the Non-Party.

    **A.    FACTUAL BACKGROUND/PROCEDURAL HISTORY**

In May 2003, Tammy and Eric Rasmussen ("Plaintiffs Tammy and Eric") purchased an

RV[1] trailer from Mike Riehl's, which is located in Michigan. In addition, Mike Riehl's apparently performed some service work on the RV trailer. On July 3, 2003, Plaintiff Tammy states that she was driving the family's SUV and towing the RV trailer on I-275, when the trailer fishtailed and caused the SUV to roll over. Plaintiff Tammy and her two minor sons, Eric and Adam, were injured in the accident.

Plaintiffs are Michigan residents. Fleetwood Travel Trailers of Texas, Inc., ("Defendant Fleetwood"), is a manufacturer of recreational vehicles.[2] Defendant Fleetwood is a California-based company that is incorporated in Delaware.[3] Dexter Axle ("Defendant Dexter Axle") is a manufacturer of component parts for recreational vehicles. Defendant Dexter Axle is an Indiana-based company that is incorporated in Delaware. Mike Riehl's is a Michigan company.

Plaintiffs filed four separate complaints in Wayne County state court. The first and second lawsuits are:

    Case #1:    Case No. 04-437907-NO—Dec. 13, 2004
                     Plaintiffs Eric and his two minor sons (Eric and Adam) filed a complaint against Mike Riehl's for negligence and loss of consortium.

    Case #2:    Case No. 05-503698-NO—Feb. 8, 2005
                     Plaintiff Tammy filed a complaint against Mike Riehl's for negligence.

On June 24, 2005, Cases #1 and #2 ("Mike Riehl's cases") were consolidated before Judge Wendy Baxter. Much later, on February 22, 2006, Mike Riehl's filed a "motion to name non-

---

[1] RV = recreational vehicle.

[2] In the caption, Fleetwood Travel Trailers of Texas, Inc., is improperly identified as Fleetwood Enterprises, Inc.

[3] Defendant Fleetwood is also characterized as a Texas corporation. However, such a distinction is insignificant, as Defendant Fleetwood is nonetheless a non-Michigan party.

party at fault." The state court denied the motion. The "Mike Riehl's cases" are scheduled for trial in late February 2007.

In addition to its first two lawsuits, Plaintiffs filed two additional lawsuits in state court:

> Case #3:    Case No. 06-618773-NI—June 30, 2006
> Plaintiffs Eric and his two minor sons (Eric and
> Adam) filed a complaint against Defendants
> Fleetwood and Dexter Axle for negligence.
>
> Case #4:    Case No. 06-618776-NP—June 30, 2006
> Plaintiffs Tammy and Eric filed a complaint against
> Defendants Fleetwood and Dexter Axle for
> negligence and loss of consortium.

In early August 2006, Cases #3 and #4 ("Fleetwood/Dexter cases") were reassigned to Judge Baxter. On August 7 or 8, 2006, Defendants Fleetwood and Dexter Axle received service of process for the "Fleetwood/Dexter cases."

Shortly after the "Fleetwood/Dexter cases" were reassigned to Judge Baxter, Mike Riehl's and Plaintiffs entered a stipulated order to consolidate the four cases for purposes of discovery and trial. Although the stipulation stated that all of the parties had consented, neither Defendant Fleetwood nor Defendant Dexter Axle signed the stipulation. In late August 2006, Judge Baxter ordered that the cases be consolidated because of the stipulated agreement. Defendants Fleetwood and Dexter Axle state that they did not consent to the agreement, nor were they even aware of the consolidation until mid-August 2006, when Plaintiffs sent them a letter about an upcoming scheduling conference.

On August 31, 2006, Defendants Fleetwood and Dexter Axle timely removed the "Fleetwood/Dexter cases" (Cases #3 and #4) to this Court, based on diversity jurisdiction. The cases were assigned to Judge Friedman and Judge Lawson; however, Judge Lawson's case was

3

reassigned to Judge Friedman as a companion case.  In early September 2006, Defendants Fleetwood and Dexter Axle advised Plaintiffs and Mike Riehl's that they would not attend the state-court scheduling conference because they had properly removed the "Fleetwood/Dexter cases" to federal court.

On November 28, 2006, Mike Riehl's filed a Motion to Remand.  On December 5, 2006, Plaintiffs filed a Response, in which they stated that they "neither concurred nor objected to the Motion."  (Pls.' Resp. ¶ 16.)  Plaintiffs asked the Court to "determine the appropriate jurisdiction." (Id. at 4.)  On December 8, 2006, Defendant Dexter Axle filed a Response.  On December 11, 2006, Defendant Fleetwood filed a Response.  Mike Riehl's filed a Reply on January 12, 2007.  Defendant Dexter Axle objected to the Reply as untimely.

## II.     MOTION TO REMAND BY NON-PARTY MIKE RIEHL'S

Mike Riehl's seeks to remand the "Fleetwood/Dexter cases" to state court, pursuant to 28 U.S.C. § 1447(c).  Mike Riehl's argues that there is no diversity jurisdiction.  Mike Riehl's explains that because the "Mike Riehl's cases" (Cases #1 and #2) and the "Fleetwood/Dexter cases" (Cases #3 and #4) had been consolidated in state court, there were now Michigan citizens on both sides, as Plaintiffs and defendant Mike Riehl's are Michigan residents.  Thus, Mike Riehl's asserts that there is no diversity of citizenship for federal jurisdiction.  Mike Riehl's cites to one non-binding case—Carter v. Ledraplastic Spa, 313 F. Supp. 2d 736, 737 (M.D. Tenn. 2004)—which found that if two cases "were consolidated before removal, diversity jurisdiction [would be] destroyed because both [p]laintiff and [defendant] are citizens of Tennessee."  Lastly, Mike Riehl's argues that remanding the cases would serve judicial economy and avoid piecemeal litigation, by allowing the state court to hear all four cases.

The arguments of Defendants Fleetwood and Dexter Axle are much more persuasive for several reasons. First, the Michigan Court Rule regarding consolidation mirrors Federal Rule of Civil Procedure 42.[4] As such, the federal courts' findings about consolidation are instructive as to consolidation at the state level.

In <u>Webb v. Just In Time, Inc.</u>, 769 F. Supp. 993 (E.D. Mich. 1991), the Eastern District of Michigan addressed the effect of consolidation on diversity of citizenship. In <u>Webb</u>, the court explained that the "[c]ase law has clearly established that actions consolidated pursuant to Rule 42(a) maintain a separate identity. Thus, when determining whether diversity of citizenship exists, the claims must be addressed separately." <u>Webb</u>, 769 F. Supp. at 996 (citations omitted). <u>See also</u> 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 at 430 (2d ed. 1995) (stating that "in a substantial number of cases[,] federal courts have held that actions do not lose their separate identity because of consolidation under Rule 42(a)").

---

[4]MCR Rule 2.505.  Consolidation; Separate Trials.
   (A) Consolidation.  When actions involving a substantial and controlling common question of law or fact are pending before the court, it may . . . order the actions consolidated . . . .

 Fed. R. Civ. P. 42.  Consolidation; Separate Trials.
   (a) Consolidation.  When actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated . . . .

The Eastern District of Michigan further stated that "there is case law supporting the proposition that federal courts should protect a litigant's right to diversity jurisdiction." Webb, 769 F. Supp. at 997. Thus, the court concluded that "[c]onsolidation does not destroy diversity of citizenship." Id. at 999.

Moreover, the Sixth Circuit has recently echoed such language, by reaffirming that consolidated cases (and the parties) maintain their separate identities. In citing to an often-quoted passage from the United States Supreme Court, the Sixth Circuit held:

> [C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, [or make those who are parties in one suit parties in another].

First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 467 (6th Cir. 2002) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)). See also 9 FEDERAL PRACTICE AND PROCEDURE § 2382 at 430 (explaining that the courts still regard the Manhattan Railway Co. language as authoritative, even though the Supreme Court's ruling in that case came before Rule 42(a) was adopted). Thus, the parties in separate cases of a consolidated action do not become parties to the other cases. Each case maintains its own identity.

Here, even though the original four cases were consolidated in state court, the parties in the "Fleetwood/Dexter cases"—which were removed to this Court—never became parties to the "Mike Riehl's cases," which remain in state court. And vice versa, as the parties in the "Mike Riehl's cases" never became parties to the "Fleetwood/Dexter cases." Therefore, this Court need only examine the citizenship of the parties involved in the two companion cases before it. In those cases, Plaintiffs are Michigan residents, and Defendants Fleetwood and Dexter Axle are not Michigan residents. As such, there is diversity jurisdiction.

Second, the Michigan Court of Appeals has ruled in the same way as the federal courts. In MacMullan v. Babcock, 196 N.W.2d 489 (Mich. Ct. App. 1972), the court of appeals found that consolidation does not merge the identities of the parties from the separate cases. The court explained that "[t]he comments to the [Michigan Court] rules make it clear that such a consolidation does not merge the two cases. When a decision is rendered, it is to be rendered separately in each case." Id. at 493. In fact, the Michigan Court of Appeals strengthened its position by referencing the federal courts' interpretation of Federal Rule of Civil Procedure 42(a), by saying that "[t]he Federal courts have reached the same conclusion as to the Federal rule of consolidation." Id. After warning that consolidated actions should never result in "confusion and prejudice" to any of the involved parties, the court of appeals reiterated that "[w]hen cases are consolidated, they keep their separate identities[,] and parties in one action do not become parties to the other, and pleadings in one are not pleadings in the other." Id. (citations omitted). Thus, the state court found, similarly to the federal courts, that consolidation has no effect on diversity of citizenship.

Third, Mike Riehl's has no standing to seek remand of the companion cases before this Court. In the removed cases, the Plaintiffs are the Rasmussens and the Defendants are Fleetwood and Dexter Axle. Mike Riehl's is not a party in either of the federal companion cases. Therefore, Mike Riehl's has no standing to assert a motion here.

Lastly, the removed cases are now under the authority of this Court. As the Eastern District of Michigan has explained, "[a]fter a removal of an action, a federal court acquires total, exclusive jurisdiction over the litigation. The removed case is governed by the Federal Rules of Civil Procedure and is treated as though it originally had been instituted in the federal court."

7

Crummie v. Dayton-Hudson Corp., 611 F. Supp. 692, 693 (E.D. Mich. 1985) (citations omitted). As such, the Court will use its authority to deny the Motion to Remand.

### III.     SANCTIONS

Defendants Fleetwood and Dexter Axle seek sanctions against Mike Riehl's. Defendants argue that the Motion to Remand is really just "a calculated attempt [by Mike Riehl's] to cure its failure to timely file a Notice of Non-Party At Fault against Fleetwood and Dexter" in the "Mike Riehl's cases" that are still in state court. (Def. Fleetwood's Br. Supp. Resp., 1.) In February 2006, when Mike Riehl's finally did file a notice of non-party at fault, the state court denied it. Defendants Fleetwood and Dexter Axle claim that Mike Riehl's is now trying to "circumvent the court rules, not to mention Defendants' constitutional rights." (Id.) In addition, Defendants Fleetwood and Dexter Axle previously sent a letter to Mike Riehl's to explain that if Mike Riehl's filed a motion to remand, the Defendants would seek sanctions.

After review, the Court finds Defendants' arguments are persuasive. Therefore, the Court will grant sanctions, as there was no basis for Mike Riehl's to have filed its Motion to Remand.

### IV.     CONCLUSION

For the reasons stated above, the Court will deny the Motion to Remand filed by Non-Party Mike Riehl's.

The United States Supreme Court, the Sixth Circuit, the Eastern District of Michigan, and the Michigan Court of Appeals have all found that consolidated cases maintain their separate identities. This means that the parties of one case do not become parties to another case in a consolidated action. In other words, consolidation does not merge the cases that are consolidated. As such, consolidation does not destroy diversity of citizenship, as long as

8

diversity existed when a case was first filed.  In this case, such diversity of citizenship exists.

Accordingly,

IT IS ORDERED that the Motion to Remand, filed by Non-Party Mike Riehl's, is denied.

IT IS FURTHER ORDERED that sanctions be imposed against Mike Riehl's. The parties shall file their actual out-of-pocket costs for defending this motion.  The parties may also file any further arguments for sanctions.  The filing shall be due by January 31, 2007, and it shall not exceed five pages.  Mike Riehl's is entitled to file a response, which shall be due by February 12, 2007, and it shall not exceed five pages.

       ___s/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       CHIEF UNITED STATES DISTRICT JUDGE

Dated:  January 18, 2007
      Detroit, Michigan

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
     Patricia Foster Hommel
  Secretary to Chief Judge Friedman**